David M. Clark, 6-4133
RAGAIN & CLARK, P.C.
1501 Stampede Ave., Unit 9010
Cody, WY 82414
Phone: 307-388-6400
Fax: 307-333-0325
dave@mtwylaw.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| B.H., a minor, by her next friends, ELAINE HENRY and BEN HENRY,<br><br>Plaintiff,<br><br>vs.<br><br>COLE BORCHARDT,<br><br>Defendant. | Case No.:<br><br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, through counsel, and for her claims against Defendant, alleges as follows:

## THE PARTIES

1. The Plaintiff, B.H, a minor, by her next friends, Elaine Henry and Ben Henry, is a citizen of the State of Montana, residing in Bridger, Carbon County, Montana.

2. Defendant, Cole Borchardt, is a citizen of the State of Wyoming, residing in Chugwater, Platte County, Wyoming. Defendant was at all times material herein a citizen of the State of Montana.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action by virtue of 28 U.S.C. § 1332 in that the Plaintiff and Defendant are citizens of different states, the Plaintiff being a citizen of Montana and the Defendant being a citizen of Wyoming, and the amount in controversy herein exceeds the sum of $75,000 (exclusive of interest and costs), being the amount specified in 28 U.S.C. § 1332.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) as the Defendant resides in this judicial district.

## FACTS COMMON TO ALL COUNTS

5. Defendant was previously married to Plaintiff's aunt, and during the relevant period of time, Plaintiff's family and Defendant's family spent considerable time together.

6. At approximately 18 months, Plaintiff's verbal development was not advancing appropriately. Plaintiff experienced developmental delays and behavioral difficulties which required physical therapy and occupational and speech therapy, along with counseling. Plaintiff was largely nonverbal and spoke mostly with sign language until approximately age five. Even at age five, Plaintiff

used one and two-word answers and still utilized sign language as her primary method of communication. Plaintiff has struggled with articulating but as she has grown (she is now 12 years old) and through therapy, her speech has continued to improve.

7. On at least four occasions Defendant physically and sexually assaulted Plaintiff.

8. In late January – early February 2016, Plaintiff, who was five years old at the time, told family members she was scared of Defendant and when asked why, she grabbed her crotch area.

9. On February 17, 2016, Plaintiff was taken to Dr. Christine Mitchell in Bozeman, Montana. Plaintiff informed Dr. Mitchell that she was scared of Defendant and when asked why, Plaintiff put her hand under her skort and pressed her fingers against her vulvar area. Dr. Mitchell asked Plaintiff if Defendant had spanked her, to which Plaintiff replied yes and put her hand on her back side on her gluteus. Dr. Mitchell noted Plaintiff spoke with sign language and that she made the sign for hurt when she touched her private areas. Dr. Mitchell's diagnosis was suspected child sexual abuse and she notified Child Protective Services.

10. On April 27, 2021, Plaintiff's teacher Amy Kraft reported to Child Protective Services that Plaintiff, who was ten years old at the time, disclosed to her that Defendant had placed his fingers in her "potty place and another hand over

her mouth." This occurred while Kraft was reading a book about the Holocaust to the class, and one of the characters had a name similar to Plaintiff's cousin. During the disclosure to Kraft, Plaintiff claimed her cousin was present in the room but napping at the time of the assault.

11. On May 18, 2021, during a forensic interview with Troy Charbonneau, Plaintiff disclosed that while taking a nap with Defendant at her grandparents' house, Defendant pulled her pants down and placed his fingers in her vagina. Plaintiff tried to bite Defendant when he covered her mouth with his hand. Plaintiff tried to get Defendant's hand off her face. She was scared she couldn't breathe. Plaintiff stated that Defendant did the same thing to her cousin. Plaintiff said Defendant told her afterwards not to tell anyone about his actions.

12. On October 28, 2022, while at her counseling session at Carbon County Counseling, Plaintiff, then eleven years old, told her therapist Julie McMillin of the following incidents of sexual abuse by the Defendant:

    a. Plaintiff stated that Defendant covered her mouth in her mother's old bedroom at her grandparents' house. Defendant moved his daughter so he could be next to Plaintiff. Plaintiff stated he "pulled down her pants and underwear and touched her privates."

    b. Plaintiff stated that while she was on the toilet in the bathroom of her grandparent's room, Defendant "helped her off the toilet in the bathroom and he touched her vagina on the toilet."

    c. Plaintiff showed her pointer finger and shared an incident that happened in her grandparents' room while she was taking a nap

with her cousin and Defendant. Defendant switched places with his daughter

and got next to her and "pulled down her pants and underwear and stuck his finger in her vagina."

d. Plaintiff stated that while in her mom's new room at her grandparents' house, Defendant did the same thing as described in the preceding paragraph with "putting his finger in her vagina." Plaintiff said that Defendant covered her mouth and her "eyes went black."

Plaintiff further stated that Defendant told her, "If she told anyone about what he did, he would touch her privates again."

## COUNT ONE – ASSAULT / BATTERY

13. Plaintiff incorporates all paragraphs above.

14. Defendant intended to, and indeed caused, offensive physical contact to Plaintiff, who was a minor child at the time of the physical and sexual assaults.

15. Defendant's conduct constitutes the torts of assault and /or battery.

16. Defendant's conduct caused Plaintiff serious and severe injuries and damages.

## COUNT TWO – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

17. Plaintiff incorporates all paragraphs above.

18. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer serious and severe emotional distress.

## COUNT THREE – PUNITIVE DAMAGES

19. Plaintiff incorporates all paragraphs above.

20. In addition to compensatory damages, Plaintiff is entitled to punitive damages against Defendant sufficient to punish him and deter him and others from physically and sexually assaulting minor children.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount sufficient to compensate Plaintiff for all damages, both general and special, for all costs and attorney's fees to the extent allowed by law, pre- and post-judgment interest to the extent allowed by law, costs of this action, and any and all further relief justified by the proof or deemed appropriate by the Court.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury.

DATED this 10th day of November 2023.

/s/   David M. Clark
David M. Clark, 6-4133
RAGAIN & CLARK, P.C.
1501 Stampede Ave., Unit 9010
Cody, WY 82414
dave@mtwylaw.com

*Attorney for Plaintiff*