FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2024 OCT 15  PM 2: 02

MARGARET BOTKINS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

B.H., a minor, by her next friends,
ELAINE HENRY and BEN HENRY,

       Plaintiff,

    VS.

COLE BORCHARDT,

       Defendant,

Case No.  23-CV-0213

---

## FINAL PRETRIAL ORDER – JURY TRIAL

---

       This matter came before the Court on October 10, 2024, for a final pretrial conference held before Scott W. Skavdahl, United States District Judge, pursuant to Fed. R. Civ. P. 16. James M. Ragain and David Michael Clark appeared as counsel for Plaintiff, and Claire Fuller and Erin Melsheimer appeared as counsel for Defendant. After consultation with the parties, the Court orders as follows:

A. *Jurisdiction and Parties:* This is an action for sexual battery, intentional infliction of emotional distress, and punitive damages.  The Court has jurisdiction under 28 U.S.C. § 1332. Jurisdiction and venue are not disputed.

B. *General Nature of the Claims of the Parties:* Plaintiff claims that on more than one occasion Defendant, without consent, put his fingers in her vagina, and, on at least one occasion, while doing so, covered her mouth and nose, making it impossible for

1

her to breathe. Defendant claims that he has never put his fingers in Plaintiff's vagina

or covered her mouth and nose, making it impossible for her to breathe.

C. *Uncontroverted Facts:* The following facts are established by admissions in the

pleadings or by stipulation of counsel prior to the pretrial conference:

    1.  The Plaintiff, B.H., a minor, by her next friends, Elaine Henry and

        Ben Henry is a citizen of the State of Montana, residing in Bridger, Carbon

        County, Montana.

    2.  Defendant, Cole Borchardt, is a citizen of the State of Wyoming,

        residing in Cheyenne, Laramie County, Wyoming.

    3.  Defendant began dating Erica Fendler, B.H.'s aunt, in approximately

        March 2007. They dated for seven months and were married in October

        2007. They were both attending the same church. A friend that also

        attended the same church introduced them. The church does not have a

        formal name. Some people refer to it as the Two By Two church.

        Defendant grew up in the Two By Two church.

    4.  Defendant and Erica Fendler lived in Montana from some time in 2007

        until the end of 2013. Elaine and Ben Henry lived in Montana during

        that same period of time. During the time period 2007 through 2013,

        Elaine and Erica's parents lived in Bozeman, Montana.

    5.  During the time period 2007 through 2013, Ben and Elaine Henry and

        Defendant and Erica Fendler saw each other on average probably once

        per week.

6.  Defendant and Erica Fendler moved from Montana to Wyoming on New Year's Day, 2014.

7.  Defendant has known BH since she was born. He always knew her to be largely nonverbal and to speak mostly with sign language. He was told she was experiencing developmental delays.

8.  At approximately 18 months, Plaintiff's verbal development was not advancing appropriately. Plaintiff was largely nonverbal and spoke mostly with sign language until approximately age five. Even at age five, Plaintiff used one and two-word answers and still utilized sign language as her primary method of communication. Plaintiff has struggled with articulating but as she has grown (she is now 12 years old), her speech has continued to improve.

D.  *Contested Issues of Fact*: The contested issues of fact remaining for decisions are: Whether or not Defendant, on more than one occasion and without consent, put his fingers in Plaintiff's vagina, and, on at least one occasion, while doing so, covered her mouth and nose, making it impossible for her to breathe; and, if so, the nature and extent of Plaintiff's alleged damages.

E.  *Contested Issues of Law*: The issue of what substantive law (Wyoming or Montana) controls Plaintiff's cause of action and must be used for jury instructions was raised at the final pretrial conference. Besides that, there are no special issues of law reserved other than those implicit in the foregoing issues of fact.

F. *Trial Exhibits*: There are identified and offered into evidence the parties' respective

exhibits as set forth in the following format and **attached as appendices** hereto.

    1. The following categories are the objections to exhibits:

        **Category A**. These exhibits are admissible on motion by any party and will be available for use by any party at any stage of the proceedings without further proof or objection.

        **Category B**. These exhibits are objected to on grounds *other than* foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

        **Category C**. These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance. <u>Failure to indicate objections to foundation shall be deemed to be a waiver of objections as to foundation for listed exhibits.</u> <u>Any party establishing foundation over objection may move for attorney fees and costs necessary to establish the foundation.</u>

    2. The parties reserve the right to submit any exhibits listed by the opposing party, and any exhibits necessary for rebuttal.

    3. Before trial, each party must supply the Court with <u>one (1) hard copy and one (1) electronic/digital copy</u> of all exhibits to be used at trial. The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

4

4. **Five (5) business days** prior to trial, each party will furnish to the court reporter at <u>megan_strawn@wyd.uscourts.gov</u>, an electronic <u>list</u> of all exhibits to be offered, an electronic list of names for all anticipated witnesses, and electronic keyword indices (if available) for all anticipated expert witnesses.  Requests for realtime and daily copy or other services should be made at least seven (7) business days prior to trial.

G.  *Jury Evidence Recording System (JERS)*: The Court is implementing a new system for electronic submission of exhibits to the Court.  Attorneys should provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court a minimum of **seven (7) days** prior to the start of trial.

All electronic evidence should be provided using the following formats:

- Documents and Photographs:  .pdf, .jpg, .bmp, .tif, .gif
- Video and Audio Recordings:  .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Regarding the file size of electronic evidence, <u>individual files should not exceed 500MB</u>.  If possible, exhibits approaching or exceeding this size limit should be separated into multiple files.  Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

H.  *Use of Depositions at Trial.* If any party intends to offer all or any portion of a deposition at trial, the following process must be followed:

(1)     At least **ten (10) business days before trial**, the offering party shall notify the opposing party of all designated portions of deposition testimony the offering party intends to introduce at trial. The offering party should highlight the designated portions of the deposition transcript in yellow for the opposing party.

(2)     At least **five (5) business days before trial**, the opposing party shall notify the offering party of any objections to the deposition designations and/or any counter designations for additional portions of the deposition to be offered at trial. The opposing party should highlight all counter-designated portions of the deposition transcript in blue for the offering party.

(3)     At least **three (3) business days before trial**, the parties must notify the Court in writing of any objections that could not be resolved informally by the parties. The parties shall jointly file the deposition dispute in the record, with sufficient information and context to enable the Court to provide a pretrial ruling on the matter. The parties should highlight all objected-to testimony in the deposition transcript in gray (or any other color that is sufficiently distinguishable from blue and yellow) for the Court. The Court will issue a ruling on the deposition dispute(s) as quickly as possible in order to give the parties time to edit their deposition transcripts or videos as necessary to conform to the Court's rulings.

I. *Discovery*: At the final pretrial conference counsel advised the Court that all discovery has been completed.

*J. Trial Witnesses:* The parties intend to call the following witnesses at trial:

    1. **Plaintiff <u>will call</u>**, or will have available at trial, the following witnesses;

    A. B.H.

B.H. is the Plaintiff in this action and is expected to testify in person about the allegations in the complaint and how these allegations have affected and continue to affect her emotionally and physically

    B. Elaine Henry

Elaine is the mother of B.H. and while she was not physically present for all the disclosures of sexual assaults made by B.H. as set forth in the complaint subject to this lawsuit, she is expected to testify in person on how Defendant's actions towards B.H. have affected and continue to affect her both emotionally and physically. Elaine is also expected to testify regarding the health care costs associated with treating the physical and emotional harms the Defendant's actions caused.

    C. Amy Kraft

Amy Kraft, teacher, is expected to testify in person or by video tape as to the sexual assault disclosure B.H. made to her on April 27, 2021. She is also expected to testify as to how B.H.'s emotional and physical difficulties have and continue to affect her.

    D. Julie McMillin
       Carbon Co. Counseling, LLC

Julie is B.H.'s counselor and is expected to testify in person as to

Defendant's improper sexual contact with B.H. and the trauma to B.H. caused by that improper sexual contact; B.H.'s behavioral and emotional sequalae and symptoms resulting from the trauma; and the treatment and work done by B.H. to learn to overcome and/or cope with the sequalae and symptoms. Julie will also testify as to her diagnoses/prognosis: B.H. suffers from Generalized Anxiety Disorder.

B.H. suffers from Post Traumatic Stress Disorder. B.H. meets the specified criteria for this diagnosis per the Diagnostic and Statistical Manual 5-TR. The sequalae and symptoms B.H. continues to exhibit and suffer from as a result of the trauma include: trouble with sleep, nightmares, fear of the dark, difficulty tolerating being alone, difficulty with using the bathroom, needs to have things and circumstances be very organized, needs to know what is going to occur in the immediate future, needs to be in control, difficulty relating to and responding to peers, difficulty with emotional regulation hypervigilance, and easily overwhelmed in various circumstances. B.H. suffers significant emotional and behavioral setbacks when she has to re-visit and focus on the trauma. Prognosis:  She has made substantial positive progress, but she still has room for growth in several areas, including: coping with and resolving conflict, recognizing and identifying emotions and feeling, emotional recognition, and refinement of coping skills in several areas.

Plaintiff(s) **may call** the following witnesses: [list name, substance of testimony, whether any party objects to the witness, and the nature and grounds of any objections];

A. Ben Henry

Ben is the father of B.H. and while he was not physically present for all the disclosures of sexual assaults made by B.H. as set forth in the complaint subject to this lawsuit, he is expected to testify in person on how Defendant's actions towards B.H. have affected and continue to affect her both emotionally and physically. Ben is also expected to testify regarding the health care costs associated with treating the physical and emotional harms the Defendant's actions caused.

B. Marsha Fendler

Marsha is the grandmother of B.H. and is expected to testify in person on how Defendant's actions towards B.H. have affected and continue to affect B.H. both emotionally and physically.

C. Eric Fendler

Eric is the grandfather of B.H. and is expected to testify in person on how Defendant's actions towards B.H. have affected and continue to affect her both emotionally and physically.

D. Tessa Beach

Tessa, B.H.'s former teacher is expected to testify by videoconference or video tape as to how B.H.'s emotional and physical difficulties have and continue to affect her.

E. Lisa Miller, MA, CCC-SLP
   Epicenter Therapy Services, PLLC

Lisa is expected to testify by videoconference or video tape as to B.H.'s speech therapy treatment for articulation and feeding disorder.

F. Kayla Braun, MS CEP-SLP
   The Cozy Nest

Kayla is expected to testify by videoconference or video tape as to B.H.'s

speech therapy treatment for expressive language delay.

G. Mary Price, MA, CCC-SLP
   The Cozy Nest

Mary is expected to testify by videoconference or video tape as to B.H.'s

speech therapy treatment for expressive language and speech delay.

H. Heather Wheeler, MD
   The Bozeman Clinic

Dr. Wheeler is expected to testify by videoconference or video tape as to

B.H.'s physical and mental development based on her well child exam.

I. Christine Mitchell, MD
   The Bozeman Clinic

Dr. Mitchell is expected to testify by videoconference or video tape as to

B.H.'s physical and mental development as well as suspected child sexual abuse.

J. Zachery Sturges, MD
   Bozeman Deaconess Hospital

Dr. Sturges is expected to testify by videoconference or video tape as to

B.H.'s emergency room treatments for accidental poisoning by parasympatholytic

(anticholinergics and antimuscarinics) and spasmolytics.

K. Leonard Ramsey, MD
   Bozeman Deaconess Hospital

Dr. Ramsey is expected to testify by videoconference or video tape as to

B.H.'s emergency room treatments for ataxia.

L.  Kevin Duwe, MD
    Bozeman Deaconess Hospital

Dr. Duwe is expected to testify by videoconference or video tape as to diagnostic radiographic studies of a CT of head showing no evidence of acute intracranial pathology.

M.  Shey Mayland, MS
    Treasure State Hearing

Shey is expected to testify by videoconference or video tape as to the audiometry studies and exams of B.H. with normal to near normal functioning of the outer hair cells in cochlea.

N.  Laura Nicholson, MD
    Children's Clinic

Dr. Nicholson is expected to testify by videoconference or video tape as to B.H.'s physical and mental development including anxiety/PTSD, high functioning autism (provisional), split uvula and developmental delay, sleep difficulties, apraxia of speech, borderline intellectual disability, ADHD, and aggressive behavior.

O.  Paolo Gerbasi, MD
    SVH-West Grand

Dr. Gerbasi is expected to testify by videoconference or video tape as to B.H.'s physical and mental development from her well-child exams as well as suspected child sexual abuse.

P.  Olga Lutsyk, DO
    SVH-West Grand

Dr. Lutsyk is expected to testify by videoconference or video tape as to

B.H.'s physical and mental development including ADHD (unspecified), apraxia of speech, borderline intellectual disability, generalized anxiety disorder, and ADHD (combined type).

    Q.  Candi Tryon, MSW
        Youth Dynamics

Candy is expected to testify by videoconference or video tape as to B.H.'s physical and mental development; treatment for mental health issues for posttraumatic stress disorder, autism spectrum disorder and child sexual abuse.

    R.  Melody Carter, Assoc. Clinical Director
        Youth Dynamics

Melody is expected to testify by videoconference or video tape as to B.H.'s physical and mental development; treatment for mental health issues for posttraumatic stress disorder, autism spectrum disorder and history of child sexual abuse.

    S.  Bryan Cantwell, Assoc. Clinical Director
        Youth Dynamics

Bryan is expected to testify by videoconference or video tape as to B.H.'s treatment for mental health issues for posttraumatic stress disorder, intermittent explosive disorder and history of child sexual abuse.

    T.  Kevin Wyse, Clinical Director
        Youth Dynamics

Kevin is expected to testify by videoconference or video tape as to B.H.'s treatment for mental health issues for posttraumatic stress disorder, intermittent explosive disorder and history of child sexual abuse.

12

U. Anita Hauff, Youth Case Manager
Youth Dynamics/New Day, Inc.

Anita is expected to testify by videoconference or video tape as to B.H.'s

treatment for mental health and speech issues and her progress on treatment goals for

posttraumatic stress disorder, intermittent explosive disorder and history of child sexual

abuse.

V. Dawn Birk, Ph.D.
A Peaceful Point, LLC

Dr. Birk is expected to testify by videoconference or video tape as to B.H.'s

physical and mental development; treatment for physical and mental health issues for

other specified neurodevelopmental disorder, ADHD (combined), and unspecified

depressive disorder.

W. Kristin Cuddy, School Psychologist, Ed.S.

Kristin is expected to testify by videoconference or video tape as to B.H.'s

ongoing testing and evaluation for special education in school. Kristin's assessments

include: **Emotional disturbance**: B.H. has a long and well-documented history of

difficulties with anxiety, depression, and PTSD. She has been in counseling for several

years and takes medication to address emotional symptoms. Some of the difficulties have

improved somewhat, but they continue despite long-term counseling intervention. Some

level of difficulty is noted across settings with social skills, anxiety, and depression.

However, she is generally reported to be happy at school, though rating scales suggest

potential difficulty with depressive symptoms. She sometimes has panic attacks at school,

suggesting that anxiety is likely impacting her educationally. Specific learning disability

(SLD): B.H.'s nonverbal intelligence, she is still performing academically at a level below what would be expected in most areas, particularly in reading and math calculation. It seems likely that continuing eligibility under SLD would be appropriate.

X.  Sonya McNeish, MA

Sonya is expected to testify by videoconference or video tape as to B.H.'s ongoing testing and evaluation for special education in school. Sonya's assessments noted B.H.'s verbal reasoning abilities are very low, but her nonverbal reasoning abilities are within the low average to average range. These results are consistent with those of the previous evaluation. Results of the behavior assessment system for children (BASC-3) suggest that she has made a great deal of social, emotional, and behavioral growth since the previous evaluation. She feels less positively about her intellectual status, social acceptance, and behavioral adjustment, although her scores in these areas are within the average range.

Y.  Lauren Springs, PT
    Wild Roots Therapy

Lauren is expected to testify by videoconference or video tape as to B.H.'s physical and mental development and treatment for mental and physical health issues including unspecified lack of coordination.

Z.  Sarah Lybecker, PTA
    Wild Roots Therapy

Sarah is expected to testify by videoconference or video tape as to B.H.'s physical and mental development and treatment for mental and physical health issues including unspecified lack of coordination.

AA.   Erica Schuppe, OTR/L
      Wild Roots Therapy

Erica is expected to testify by videoconference or video tape as to B.H.'s

physical and mental development and treatment for mental and physical health issues

including PTSD (unspecified).

BB.   Lindsey Hafer, OTR/L
      Wild Roots Therapy

Lindsey is expected to testify by videoconference or video tape as to B.H.'s

physical and mental development and treatment for mental and physical health issues

including PTSD (unspecified).

CC.   Madison Stone, OTR/L
      Wild Roots Therapy

Madison is expected to testify by videoconference or video tape as to B.H.'s

physical and mental development and treatment for mental and physical health issues

including PTSD (unspecified).

DD.   Emili Wilkins, OTR/L
      Wild Roots Therapy

Emili is expected to testify by videoconference or video tape as to B.H.'s

physical and mental development and treatment for mental and physical health issues

including PTSD (unspecified).

EE.   Madyson Studiner, OTR/L
      Wild Roots Therapy

Madyson is expected to testify by videoconference or video tape as to B.H.'s

15

physical and mental development and treatment for mental and physical health issues

including PTSD (unspecified).

       FF. Ruby Kallenbach, OT
           Wild Roots Therapy

Ruby is expected to testify by videoconference or video tape as to B.H.'s

physical and mental development and treatment for mental and physical health issues

including PTSD (unspecified).

       GG.   Jessica Lambert, OTR/L
           Wild Roots Therapy

Jessica is expected to testify by videoconference or video tape as to B.H.'s

physical and mental development and treatment for mental and physical health issues

including PTSD (unspecified).

       HH.   Janelle Smith, CCC-SLP
           Wild Roots Therapy

Janelle is expected to testify by videoconference or video tape as to B.H.'s
physical and mental development and treatment for mental and physical health issues

including personal history of TBI, mixed receptive-expressive language disorder, social

pragmatic communication disorder, phonological disorder, and child sexual abuse.

       II.  Mary Fahlman, CFY-SLP
           Wild Roots Therapy

Mary is expected to testify by videoconference or video tape as to B.H.'s

physical and mental development and treatment for mental and physical health issues

including mixed receptive-expressive language disorder, pediatric feeding disorder

(chronic), personal history of physical and sexual abuse in childhood, personal history of

TBI, social pragmatic communication disorder, phonological disorder, attention and

concentration deficit, and dysarthria following unspecified cerebrovascular disease.

      JJ.  Andy Hatton, CCC-SLP
           Wild Roots Therapy

Andy is expected to testify by videoconference or video tape as to B.H.'s

physical and mental development and treatment for mental and physical health issues

including mixed receptive-expressive language disorder, pediatric feeding disorder

(chronic), personal history of physical and sexual abuse in childhood, personal history of

TBI, social pragmatic communication disorder, phonological disorder, attention and

concentration deficit, and dysarthria following unspecified cerebrovascular disease.

      KK.  Theresa Ohl, FNP-BC
           Phillips County Family Health

Theresa is expected to testify by videoconference or video tape as to B.H.'s

physical and mental development and treatment for mental and physical health issues

including ADHD and anxiety.

      LL.  David Kim, MD
           Big Sky Diagnostic Imaging

Dr. Kim expected to testify by videoconference or video tape as to B.H.'s

physical and mental development and treatment for mental and physical health issues and

his impression of longstanding congenital appearing thinning of the mid posterior corpus

callosum following B.H.'s MRI of brain.

      MM.  Elizabeth Wood, MS
           Billings Clinic

Dr. Wood is expected to testify by videoconference or video tape as to the

radiographic studies in connection with B.H.'s physical and mental development and treatment for physical and mental health issues following an abnormal MRI and traumatic asphyxia.

      NN.   Jessica Hurlocker, PMHNP-BC
               Beginner's Mind Mental Health Services, PLLC

Jessica is expected to testify by videoconference or video tape as to B.H.'s physical and mental development and treatment for mental and physical health issues; test results supporting exposure to sexual abuse for unspecified anxiety disorder, unspecified trauma - and stressor-related disorder, history of TBI with hypoxic injury attention deficit disorder ADD); exposure to sexual abuse.

      OO.   Jennifer Sexton
               Beginner's Mind Mental Health Services, PLLC

Jennifer is expected to testify by videoconference or video tape as to B.H.'s physical and mental development and treatment for mental and physical health issues and medication questions.

      PP. Carrie Metzger, Targeted Youth Case Manager
            New Day, Inc.

Carrie is expected to testify by videoconference or video tape as to B.H.'s physical and mental development and treatment for mental and physical health issues including ADHD and generalized anxiety disorder.

**2. Defendant <u>will call</u>, or will have available at the trial the following**

witnesses:

A. Cole Borchardt
   c/o Erin Melsheimer, Law Office of Erin Melsheimer, PLLC
   5 W. Mendenhall St. Ste. 202
   Bozeman, MT 59715
   (406) 220-5029
   *-or-*
   c/o Mannen Browne LLC
   140 S. Cache; PO Box 3337
   Jackson, Wyoming 83001
   (307) 733-7424

Mr. Borchardt is the Defendant in this matter. He will generally testify that he has

never assaulted, battered, molested, touched inappropriately, raped, sexually assaulted,

suffocated, strangled, injured, attempted to injure, or acted in any other tortious matter

towards the Plaintiff. He will testify that because of his divorce from Erica Wahl fka

Fendler, B.H's maternal aunt., B.H. and her family have demonized him. He may testify

to his knowledge of the 2 by 2 Church, and Plaintiff's family's involvement in that

church.

A. Henry Borchardt
   53 Winberg Road
   Chugwater, Wyoming 82210

Mr. Henry Borchart is the Defendant's Father. If called to testify generally to the

Defendant's parenting and character, based on his personal observations of the

Defendant's interaction with his own family.

B. Rachel Borchardt
   53 Winberg Road
   Chugwater, Wyoming 82210

Ms. Rachel Borchart is the Defendant's Mother. If called to testify generally to the Defendant's parenting and character, based on her personal observations of the Defendant's interaction with his own family.

C. Claudia Borchardt
   2024 Rd. 245
   Cheyenne, Wyoming 82009

Ms. Claudia Borchart is the Defendant's Wife. If called to testify generally to the Defendant's parenting and character, based on her personal observations of the Defendant's interaction with his own family.

D. W.R.B.
   53 Winberg Road
   Chugwater, Wyoming 82210
   *-or-*
   8 Eustis Road
   Three Forks, MT 59752

W.R.B. is the Defendant's son. If called to testify he will testify that he has never witnessed Defendant assaulting B.H.

E. A.J.B.
   53 Winberg Road
   Chugwater, Wyoming 82210
   *-or-*
   8 Eustis Road
   Three Forks, MT 59752

A.J.B. is the Defendant's daughter. If called to testify she will testify that she has never witnessed Defendant assaulting B.H.

F. Dr. Robert Page, Ed.D., LCPC, CCJS, DABPS
   PO Box 323
   Valier, MT 59486
   406-461-4000

Dr. Robert Page has conducted psychological and psychosexual assessments of Defendant. He has knowledge of the allegations made in the Complaint, and the facts and circumstances of the events that form the basis of this litigation. He is expected to testify consistent with his records and to the aspects of the facts of this case for which he has personal knowledge.

G. Dr. Cynthia Brewer
   cynbrewer@yahoo.com
   406-850-4973

Dr. Cynthia Brewer is the former state child abuse doctor for the State of Montana. She has knowledge of the allegations made in the Complaint, and the facts and circumstances of the events that form the basis of this litigation. She has met with members of the Fendler family she believes that B.H. was also coached. She is expected to testify consistent with her records and to the aspects of the facts of this case for which she has personal knowledge.

3. The parties reserve the right to call any witness listed by the opposing party, and any witnesses required for rebuttal. A party **listing a will call witness guarantees his or her presence at trial.**

4. No later than **seven (7) days** before trial, counsel shall provide the Court with an estimate of time on the stand for each witness to be called. During trial, counsel shall provide opposing counsel with a list of witnesses the party intends to call the following day.

*J.    Proposed Voir Dire Questions, Jury Instructions, Verdict Form, and Joint Statement:*

21

Proposed voir dire questions, requests for instructions, and proposed verdict forms be submitted to the Court **seven (7) days** before trial, subject to the right of counsel to supplement such requests during the course of trial on matters that cannot be reasonably anticipated.

1. **Proposed Voir Dire Questions**. The Court will conduct the initial questioning of the jury panel during voir dire, and the parties will each have thirty (30) minutes to conduct follow-up inquiry. Each party must file their proposed voir dire questions for the Court's review. Anticipated voir dire questions need not be verbatim but should fairly inform the Court of the particular areas on which counsel intends to question the jury panel.

2. **Proposed Jury Instructions and Verdict Form**. The Court will provide Judge Skavdahl's "Stock Jury Instructions" for this case, available under "Judges' Info" at the District of Wyoming's website, www.wyd.uscourts.gov. In addition, the parties shall jointly file three (3) sets of proposed jury instructions. The parties' proposed jury instructions should include their desired substantive instructions, any desired instruction different than the Court's stock instructions, and a proposed verdict form. Each set must include a citation to authority and should not include a signature block at the bottom of each instruction. **Set A** shall consist of those instructions stipulated to and agreed upon by all parties. **Set B** shall consist of Plaintiff's proposed instructions to which Defendant objects. **Set C** shall consist of Defendant's proposed instructions to which Plaintiff objects. In addition to being filed, a copy of each set of proposed instructions must be provided directly

22

to Judge's Chambers, via email to wyojudgesws@wyd.uscourts.gov, formatted for Microsoft Word.

3. **Joint Statement**. The parties shall also file a joint statement setting forth briefly and simply, in a non-contentious manner, the background of the case and the claims and defenses being asserted. The joint statement will serve as the basis for informing the jury panel of the background of the case prior to voir dire. The parties should make every effort to agree upon the language for the joint statement. To the extent the parties cannot agree, they should use the following format: "Plaintiff contends …. Defendant contends …."

K. *Jury Selection Procedure*: The Court shall impanel the jury in the following manner:

1. Fourteen (14) jurors shall be called to the jury box for voir dire examination;

2. If any juror is excused for cause, another juror will be called and assume the number of the juror he or she replaces;

3. After the panel of fourteen (14) jurors is accepted for cause, counsel, starting with the Plaintiff, shall alternately write on a form provided by the Clerk of Court their peremptory challenges. Each side shall receive and exercise up to three (3) peremptory challenges. If, prior to their third challenge, both sides pass on a challenge then all further challenges will be deemed waived. The first eight (8) jurors called and not challenged shall constitute the jury.

L. *Amendment to Pleadings*: There are no requests to amend the pleadings.

M. *Other Matters*: The following additional matters were determined to aid in the disposition of the action:

1. All motions in limine were ruled on at the final pretrial conference and those ruling are incorporated herein by reference. Counsel for both parties shall advise all witnesses as to the Court's rulings to ensure that no witnesses violate this Court's pretrial rulings.  Any violation of this Court's rulings will be deemed a violation by counsel. There are no motions currently pending.

2. **Any motions not yet expired or waived shall be filed on or before October 14th, any responses to such motions will be due on or before October 21st.**

N. *Modifications/Interpretation*: This pretrial order has been formulated after conference at which counsel for the respective parties have appeared.  Reasonable opportunity has been afforded counsel for corrections or additions prior to signing by the Court. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.  The pleadings will be deemed merged herein.  In the event of ambiguity in any provision of this order, reference may be made to the record of this conference to the extent reported by stenographic notes, and to the pleadings.

O. *Trial Setting:* The case is set for trial by jury commencing Monday, October 28 at 9:00 a.m. in Casper, Wyoming. It is stacked #1 on the Court's trial docket and will proceed to trial. Counsel should be prepared to address any pending issues at 8:30 a.m. on the first day of trial. The estimated length of trial is 8 days. Possibility of settlement of this case is considered poor.

Dated this 15th day of October, 2024.

Scott W. Skavdahl
United States District Judge